UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY BUNCHE,

    Plaintiff,

v.                                              Case No:   6:16-cv-1456-Orl-41TBS

ABC LANDCLEARING AND
DEVELOPMENT, LLC,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 20) is pending before the Court. Upon due consideration, I respectfully recommend that the district judge **grant** Plaintiff's motion and **dismiss** Defendant's counterclaim.

## I. Background

On August 15, 2016, Plaintiff Gregory Bunche sued his former employer, Defendant ABC Landclearing and Development, LLC, for unpaid minimum and overtime wages, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* (Doc. 1). Defendant is engaged in the business of knocking down and clearing structures (Id. at ¶ 8). Plaintiff worked for Defendant as an hourly paid dump truck driver from May 2015 through April 2016 and was responsible for delivering "rock and stone to customers within the Central Florida area" (Id. at ¶¶ 3-4). He alleges the he was not paid the minimum wage for all hours worked and was not paid time and a half of his regular rate for all hours worked over 40 hours per week (Id. at ¶¶ 14-15). Defendant has denied all allegations,

---

[1] On February 14, 2017, the district judge referred this motion to the undersigned for the issuance of a report and recommendation (Docket).

asserted eight affirmative defenses, and brought a counterclaim against Plaintiff (Doc. 7). The counterclaim alleges that while using Defendant's 1994 Honda ACC vehicle, Plaintiff was negligent, resulting in a crash and damage to the vehicle (Id., at 6-7). Plaintiff moves to dismiss the counterclaim on the ground that it is a permissive claim for which independent jurisdiction has not been established (Doc. 20).

Defendant failed to respond to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015); cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."). Based upon Defendant's failure to respond to the motion, I treat the motion as unopposed.

## II. Discussion

Federal district courts are courts of limited jurisdiction. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) ("It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction ... 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by

Congress.") (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Parties seeking to invoke the Court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review [on its own motion] whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011); Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

"By its language, section 1367(a) authorizes a court to hear supplemental claims to the full extent allowed by the 'case or controversy' standard of Article III." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1566 (11th Cir. 1994). "In order to have supplemental jurisdiction over the state law claims, 'it must be shown that the state law claims presented are compulsory, rather than permissive.'" Mercer v. Palm Harbor Homes, Inc., No. 805CV1435T30TGW, 2005 WL 3019302, at *1 (M.D. Fla. Nov. 10, 2005). In the Eleventh Circuit, courts apply the "logical relationship" test to these types of cases. Perez v. S. Fla. Landscape Maint., Inc., No. 13-80620-CIV, 2014 WL 293774, at *2 (S.D. Fla. Jan. 23, 2014); Robinson v. Roofs, Structures & Mgmt., No. 8:07-cv-

1518-T-24TBM, 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007). A counterclaim is "compulsory" if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" FED. R. CIV. P. 13(a)(1)(A); Mercer, 2005 WL 3019302, at *1; Perez, 2014 WL 293774, at *1 (citing Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996)). A "permissive" claim requires an independent ground for federal jurisdiction. Mercer, 2005 WL 3019302, at *1.

The Court has federal question jurisdiction over FLSA claims and thus, subject matter jurisdiction over Plaintiff's underlying claim is proper under 28 U.S.C. § 1331. Townsend v. Let's Of Ocala, LLC, No. 5:14-cv-611-Oc-34PRL, 2015 WL 2084723, at *2 n.4 (M.D. Fla. May 4, 2015) (citing Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 8:07-cv-2359-T-23TGW, 2008 WL 793660, at *1 (M.D. Fla. Mar. 24, 2008) ("The complaint, which pleads colorable claims under the FLSA, properly invokes federal subject matter jurisdiction under 28 U.S.C. § 1331.")).

Defendant's counterclaim is permissive because it is not based on the same core facts as Plaintiff's FLSA claim for unpaid minimum and overtime wages. The viability of the FLSA claim hinges on Plaintiff proving the following the following elements: that he worked unpaid overtime and his employer knew or should have known of the overtime work. Bailey v. TitleMax of Ga., Inc., 776 F.3d 797, 801 (11th Cir. 2015) ("If an employee has worked overtime without pay, he may bring a private FLSA action for damages. An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work."). To sustain a cause of action for negligence in Florida, Defendant must show: "(1) the defendant owes a legal duty to the plaintiff: (2) the defendant breached that duty: (3) defendant's breach legally caused an injury to plaintiff; and (4) damages resulted from the injury." Janis v. Pratt &

Whitney Canada, Inc., 370 F. Supp. 2d 1226, 1229 (M.D. Fla. 2005). It is clear that the facts needed to support the FLSA claim are different from what is needed for the state-based negligence claim. It is also clear that Defendant has not presented an independent basis of federal jurisdiction over his negligence counterclaim. See Singleton v. Searail Indus., Inc., 674 F. Supp. 1451, 1453 (S.D. Ala. 1987); see also Johnson v. Whitman, No. 6:14-cv-00704-LSC, 2015 WL 3385153, at *8 (N.D. Ala. May 26, 2015); Pierce v. Union Planters Bank, N.A., Nos. 02-21835-CIV-HUCK, 02-21835-CIV-TURNOFF, 2002 WL 31750246, at *3 (S.D. Fla. Sept. 26, 2002).

### III. Recommendation

Therefore, I **respectfully recommend** that the district court **GRANT** Plaintiff's Motion to Dismiss Defendants' Counterclaim (Doc. 20); and **DISMISS** Defendant's Counterclaim without prejudice, for lack of jurisdiction (Doc. 7 at 6).

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on March 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record